**Driawan LUKMAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74179.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 23, 2010.*

Filed Aug. 31, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**534**

Joubin Nasseri, Nasseri Law Group, Los Angeles, CA, for Petitioner.

David V. Bernal, Assistant Director, Jeffery R. Leist, Trial, Anna Nelson, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Driawan Lukman, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

The record does not compel the conclusion that Lukman established extraordinary circumstances to excuse his untimely filed asylum application. *See* 8 C.F.R.

§ 1208.4(a)(5) (listing examples of extraordinary circumstances). We lack jurisdiction to consider Lukman's changed circumstances contention because he did not exhaust it before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below). Accordingly, we deny the petition as to Lukman's asylum claim.

Substantial evidence supports the IJ's finding that the beatings Lukman suffered as a teenager, the burning of his brother-in-law's computer store during the May 1998 riots, and the general harassment he endured, do not rise to the level of persecution. *See Wakkary,* 558 F.3d at 1059–60. Substantial evidence also supports the IJ's finding that, even as a member of a disfavored group, Lukman did not establish a clear probability of future persecution because he did not show sufficient individualized risk of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003); *Wakkary,* 558 F.3d at 1065 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail"). Accordingly, we deny the petition as to Lukman's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Lukman failed to show it is more likely than not that he would be tortured if removed to Indonesia. *See Wakkary,* 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.